NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| KRISTINA CHITEISHVILI,<br><br>        Plaintiff,<br><br>   v.<br><br>VERTIFX LLC, a California limited liability company; EDUARD AKOPIAN a/k/a EDWARD HAKOBYAN, an individual; GAYANE OVSEPYAN, an individual; ANAIDA OVSEPYAN, an individual; VERTIFX LIMITED, a United Kingdom company; and KEVIN KACHATURIAN, an individual,<br><br>        Defendants. | Case No.: 2:17-CV-8711 JFW (RAOx)<br><br>Honorable John F. Walter<br>United States District Judge<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

# I.    INTRODUCTION

On January 12, 2018, Plaintiff filed a First Amended Complaint against Vertifx LLC, Eduard Akopian ("Akopian"), Gayane Ovsepyan ("Gayane"), Anaida Ovsepyan ("Anaida"), Kevin Kachaturian ("Kachaturian"), and Vertifx Limited (collectively, "Defendants"). (Dkt. No. 39.) The First Amended Complaint alleged the following claims for relief: (1) intentional misrepresentation against Vertifx LLC, Akopian, Gayane, and Vertifx Limited; (2) violation of the Uniform Voidable Transactions Act against Vertifx LLC, Anaida, and Vertifx Limited; (3) violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.,* against Vertifx LLC, Akopian, and Vertifx Limited; (4) violation of Section 10(b) and Section 20(a) of the Securities and Exchange Act and Rule 10b-5 against Vertifx LLC, Vertifx Limited, Akopian, and Kachaturian; and (5) conversion against Vertifx LLC and Akopian. Plaintiff requested several forms of relief, including compensatory and punitive damages, avoidance of the 2017 conveyance of the 4967 Bilmoor Avenue, Tarzana CA 91356 ("Tarzana Property") from Vertifx LLC to Anaida Ovsepyan[1], and equitable and injunctive relief.

On October 9, 2018, the Court granted Plaintiff's Motion for Summary Judgment on the Issue of Liability and entered summary judgment on each of the five claims alleged in Plaintiff's First Amended Complaint ("Summary Judgment Order"). (*See* Dkt. No. 135.)

On December 18, 2018, the case came before the Court for a trial on damages.

Having considered all of the evidence at trial and the briefs submitted by the parties, the Court makes the following findings of fact and conclusions of law:

---

[1] In March 2018, during the pendency of this action, Anaida transferred the Tarzana Property to FPB West Holdings Inc ("FPB"), which is not a party to this action.

## II. FINDINGS OF FACT[2]

1. The Court adopts all of the factual findings made in the Court's Summary Judgment Order.

2. On February 24, 2014, in Moscow, Russia, Plaintiff founded MTW-Group, LLC, for the purpose of developing an apartment building in the City of Dmitrov, Russia. At all relevant times, Plaintiff was the 100% shareholder of MTW-Group LLC.

3. Between March 24, 2014 and December 22, 2014, Plaintiff contributed 45,200,000 Rubles in capital to MTW-Group LLC.

4. On February 15, 2016 – one month before Akopian and Plaintiff began discussing money-management services – a company, Irvi LLC, obtained an order of execution on a personal judgment against Plaintiff.[3]

5. In mid-April 2016, after receiving a signed copy of the "Vertiforex Asset Management Agreement" from Akopian, Irvi LLC and Plaintiff entered into an agreement whereby Irvi LLC agreed to postpone execution on Plaintiff's assets, including her interest in MTW-Group LLC, in exchange for Plaintiff's payment to Irvi LLC which was based on 10% of the net return, or $60,000, that Plaintiff was supposed to receive on the "Vertiforex" investment.

6. Akopian was fully aware of MTW-Group LLC's construction project in the city of Dmitrov as a result of Plaintiff's multiple conversations and written communications with him. Akopian also was aware of Plaintiff's agreement with Irvi LLC to postpone execution on Plaintiff's assets. When Plaintiff did not receive either

---

[2] Any finding of fact that constitutes a conclusion of law is hereby adopted as a conclusion of law, and any conclusion of law that constitutes a finding of fact is hereby adopted as a finding of fact.

[3] On July 25, 2014, Plaintiff personally guaranteed performance of MTW-Group LLC's obligations under a suretyship agreement with Vostok-Kargo-Plus LLC that delivered construction materials to the Project. Plaintiff was sued as a guarantor/surety of MTW-Group LLC's obligation, which MTW-Group LLC failed to perform.

the return of her $1,000,000.00 initial investment in "Vertiforex" or the promised $600,000.00 return on her investment, Irvi LLC liquidated Plaintiff's assets by initiating involuntary bankruptcy proceedings against Plaintiff in Moscow, Russia. As a result of the wrongful actions of Akopian, Gayane, Kachaturian, Vertifx LLC, and Vertifx Limited, including their failure to return Plaintiff's $1,000,000 investment with the promised $600,000.00 return-on-investment, Plaintiff was unable to pay her debt to Irvi LLC, and she lost 100% of her ownership interest, including her capital contributions of 45,200,000 Rubles, or $964,483.00 (at the 2014 exchange rate) in MTW-Group LLC.[4]

7.     Accordingly, Plaintiff is entitled to recover $964,483.00, which represents the loss of her capital contributions in MTW-Group LLC as a result of the wrongful actions of Akopian, Gayane, Kachaturian, Vertifx LLC, and Vertifx Limited, including their failure to return Plaintiff's $1,000,000.00 investment with the promised return-on-investment.

## III.    CONCLUSIONS OF LAW

### A.    Actual Damages in the Amount of $1,000,000.00

8.     Plaintiff is entitled to recover actual damages in the amount of $1,000,000 for the loss of her investment in "Vertiforex" which was caused by the wrongful actions of Akopian, Gayane, Kachaturian, Vertifx LLC, and Vertifx Limited on each claim alleged against them in the First Amended Complaint.

9.     Plaintiff is entitled to recover $1,000,000.00 actual damages against Anaida and Vertifx LLC on her second claim for relief because Anaida was the fraudulent transfer*ee* in the 2017 transfer of the Tarzana Property and the fraudulent transfer*or* in the 2018 transfer of the Tarzana Property. *See* Cal. Civ. Code § 3439.08(b)(1)(A), (B) (a successful plaintiff may "recover judgment for the value of

---

[4] Plaintiff's Request for Judicial Notice Re: Ruble-U.S. Dollar Exchange Rates and Court File (Dkt. No. 146) is **GRANTED**.

the asset transferred . . . or the amount necessary to satisfy the creditor's claim, whichever is less" and a judgment in the amount of the value of an asset fraudulently transferred may be entered against the "first transferee of the asset or the person for whose benefit the transfer was made" or an "immediate or mediate transferee of the first transferee" who did not in good faith take the asset for value).

10. The Court concludes that the 2017 transfer of the Tarzana Property from Vertifx LLC to Anaida was void and was made in violation of the Uniform Voidable Transactions Act.[5] *See* Cal. Civ. Code § 3439.07(a) (providing that "a creditor" may obtain relief "*against a transfer*" as prescribed under subparts (1) through (3)).

11. Accordingly, Plaintiff is entitled to recover $1,000,000.00 in actual damages from Akopian, Gayane, Anaida, Kachaturian, Vertifx LLC, and Vertifx Limited.

### B. Benefit-of-The-Bargain Damages in the Amount of $600,000.00

12. Plaintiff is also entitled to recover benefit-of-the-bargain damages in the amount of $600,000.00 for the wrongful actions of Akopian, Gayane, Kachaturian, Vertifx LLC, and Vertifx Limited in violating paragraph 4 of the Vertiforex Asset Management Agreement. *See* Cal. Civ. Code § 3333 ("For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."). There is no fixed rule for the measure of tort damages under Civil Code section 3333. The measure that most appropriately compensates the injured party for the loss sustained should be adopted. California courts emphasized that "[t]he measure of damages

---

[5] Although the Court determined in the Summary Judgment Order that Anaida had the required fraudulent intent when she transferred the Tarzana Property to FPB in March 2018, Plaintiff has failed to present any evidence regarding FPB's knowledge or intent, and, thus, the Court is unable to conclude that the March 2018 transfer of the Tarzana Property is void and was made in violation of the Uniform Voidable Transactions Act as to FPB.

provided by [sections 1709 and 3333] is substantially the same as that for breach of contract prescribed by section 3300; *i.e.*, it tends to give the injured party the benefit of his bargain and insofar as possible to place him in the same position he would have been in had the promisor performed the contract." *Strebel v. Brenlar Investments, Inc.*, 135 Cal. App. 4th 740, 747 (2006) (*quoting Pepitone v. Russo*, 64 Cal. App. 3d 685, 688-89 (1976)).

13.    The Court concludes that the "benefit-of-the-bargain" measure of damages is appropriate because it will more fully compensate Plaintiff for the injury she has suffered. *Strebel*, 135 Cal. App. 4th at 749. Awarding Plaintiff the promised 60% return on her $1,000,000.00 investment will place her "in the position [she] would have enjoyed had the false representation been true, awarding [her] the difference in value between what [she] actually received and what [she] was fraudulently led to believe [she] would receive." *Fragale v. Faulkner*, 110 Cal. App. 4th 229 (2003).

14.    Accordingly, Plaintiff shall recover $600,000.00 benefit-of-the-bargain damages from Akopian, Gayane, Kachaturian, Vertifx LLC, and Vertifx Limited.

## C.    Prejudgment Interest of $118,724.20

15.    Plaintiff is also entitled to $118,724.20 in prejudgment interest, calculated at 7% on the $1,000,000.00 amount from April 19, 2017 through the date of the Final Judgment. In "every case of oppression, fraud, or malice," an award of prejudgment interest rests in the trial court's sound discretion. *See* Cal. Civ. Code § 3288; *Johnson v. Neilson (In re Slatkin)*, 525 F.3d 805, 820 (9th Cir. 2008); *see also S.E.C. v. Henke*, 130 Fed. Appx. 173, 174 (9th Cir. 2005) ("Whether prejudgment interest will be awarded in a securities fraud case is a question of 'fairness, lying within the court's sound discretion'"). Prejudgment interest forms an element of damages. *In re UC Lofts on 4th, LLC*, 2014 WL 1285415, at *25 (Bankr. S.D. Cal. Mar. 27, 2014), *aff'd* 2015 WL 5209252 (B.A.P. 9th Cir. Sept. 4, 2015). In California, the prejudgment interest rate for a fraud claim is seven percent. *Id*.

16. The Court has already determined that "the evidence is overwhelming that Akopian obtained Plaintiff's $1,000,000.00 as a result of a blatant fraud, including misrepresentations that Plaintiff's investment would be safe, not used for currency trading, and would be returned to her in one year." (Dkt. No. 135 at 11.) The Court has also found that: "Plaintiff never knew that Kachaturian had manipulated her sub-account #1280007 so it continuously showed that she had a balance of $1,000,000.00 in her sub-account at Divisa Capital. In fact, $400,000.00 of Plaintiff's investment was deposited in a brokerage account at Divisa Capital owned by Vertifx.com LLC. By September 22, 2016, Plaintiff's entire $400,000.00 had been lost as a result of losing currency trading transactions even though Akopian had represented Plaintiff's funds would not be used for trading currency." (*Id.* at 4.) Given the nature of the blatant scheme to defraud perpetuated by Akopian and Kachaturian, the Court concludes that Plaintiff is entitled to $118,340.60 in prejudgment interest.[6]

17. Accordingly, Plaintiff shall recover $118,340.60 in prejudgment interest from Akopian, Gayane, Anaida, Kachaturian, Vertifx LLC, and Vertifx Limited.

### D. Consequential Damages in the Amount of $964,483.00

18. Plaintiff is entitled to recover $964,483.00, which represents her additional damages under Civil Code section 3333. *See, e.g., Channell v. Anthony*, 58

---

[6] The Court concludes that Plaintiff is not entitled to prejudgment interest on her $1,000,000.00 for the period from April 19, 2016 through April 18, 2017 when it was "invested" in "Vertiforex." During that time period, Plaintiff would not have been able to earn interest on her $1,000,000.00 because she had instead chosen to invest it with Defendants in exchange for a 60% return on investment. However, Plaintiff is entitled to prejudgment interest from the date her $1,000,000.00 should have been returned to her, April 19, 2017, until judgment is entered in this action. *See Lane v. Smiling Earth Energy, LLC,* 2008 WL 3154312 (E.D. Cal. Aug. 4, 2008) (where promissory notes, which offered high "investment return," matured on November 12, 2007, Plaintiff was awarded principal amount invested, investment return, and prejudgment interest from November 12, 2007 until judgment entered). There are 619 days between April 19, 2017 and December 28, 2018 (the date by which Plaintiff must submit a proposed judgment). Using the formula for calculating interest provided by Plaintiff, $1,000,000.00 x 619 days x .0001918 daily rate = $118,724.20.

Cal. App. 3d 290 (1976) (ruling that amount of $5,829.69 awarded by jury in excess of conventional out-of-pocket damages for fraud was well within the allowable additional figure of $11,500 in consequential damages shown by plaintiffs at trial); *Gagne v. Bertran*, 43 Cal. 2d 481, 491, n.6 (1954) (noting that plaintiff is "entitled to recover any consequential damages resulting from the purchase of the lots in reliance on defendant's misrepresentations.").

19. Plaintiff's consequential damages were directly caused by the wrongful actions of Akopian, Gayane, Kachaturian, Vertifx LLC, and Vertifx Limited, including their failure to return Plaintiff's million-dollar investment with the promised return-on-investment. When Plaintiff was unable to pay her debt to Irvi LLC, Plaintiff lost her 100% ownership interest, including her entire capital contribution in MTW-Group LLC, resulting in a loss of $964,483.00.

20. Accordingly, Plaintiff shall recover $964,483.00 in consequential damages from Akopian, Gayane, Kachaturian, Vertifx LLC, and Vertifx Limited.

### E. Punitive Damages in the Amount of $5,000,000.00

21. Plaintiff is entitled to recover punitive damages in the amount of $5,000,000.00 against all Defendants. Punitive damages are warranted when a defendant's harmful conduct was malicious, oppressive or in reckless disregard of plaintiff's rights. Ninth Circuit Manual of Model Civil Jury Instructions §5.5 (Punitive Damages) (2007). Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring plaintiff. *Id.* Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights, or if the Defendants act in the face of a perceived risk that its actions will violate the Plaintiff's rights under the law. *Id.* An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of Plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff. *Id.*

22.   The Court has previously determined that "[i]n this case, the evidence is overwhelming that Akopian obtained Plaintiff's $1,000,000.00 as a result of a blatant fraud," and that "Vertifx LLC, Vertifx Limited, Akopian, and Kachaturian exercised control over the activities of each other or had the ability to exercise such control given the common ownership of the various entities and bank accounts used to perpetuate the fraudulent scheme against Plaintiff." (Dkt. No. 135 at 10.) Under Restatement (Second) of Torts § 909, punitive damages are imputable under the common law agency theory. *See also Egan v. Mut. of Omaha Ins. Co.*, 24 Cal. 3d 809, 823 (1979) (imputing punitive damages to insurance company based on actions of a local manager and adjustor). Accordingly, a punitive damage award is appropriate against all Defendants.

23.   Punitive damages are also properly awarded on the fraudulent transfer causes of action. *See, e.g., Tassone v. Tovar*, 28 Cal. App. 4th 765, 767 (1994). Punitive damages are authorized by statute in CLRA claims. Cal. Civ. Code § 1780(a)(4). Punitive damages are also available on intentional misrepresentation claims, *see* Cal. Civ. Code § 3294(a), and on conversion claims. *In re Guillory*, 285 B.R. 307, 316 (Bankr. C.D. Cal. 2002) ("Exemplary damages are properly awardable in an action for conversion, given the required showing of malice, fraud or oppression.").

24.   Although Plaintiff contends that punitive damages of $9,000,000 should be awarded, the Court disagrees and concludes that an award of $5,000,000 is appropriate based on the evidence in this case.

25.   The Court rejects Defendants' argument that the Court should measure the punitive damages award based on Defendants' net worth because there was no evidence presented at trial as to Defendants' net worth and in light of the Magistrate Judge's findings regarding prejudicial withholding of financial information from Plaintiff during the course of the discovery. *See, e.g., Bankhead v. ArvinMeritor, Inc.*, 205 Cal. App. 4th 68 (2012), as modified (Apr. 25, 2012) ("we hold that there is no

legal requirement that punitive damages must be measured against a defendant's net worth" and that "net worth alone is an untrustworthy standard, because it is so easily manipulated").

26.    "In cases where there are significant economic damages and punitive damages are warranted but behavior is not particularly egregious, a ratio of up to 4 to 1 serves as a good proxy for the limits of constitutionality." *Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activists*, 422 F.3d 949, 962 (9th Cir. 2005). However, in this case, Defendants behavior is particularly egregious. Defendants entered into a scheme to defraud Plaintiff and they carried out their scheme by transferring assets "to avoid any attempt by Plaintiff to enforce any potential judgment she may receive in this action." (Dkt. No. 135 at 8.)   Therefore, Defendants' successful scheme to defraud warrants imposition of significant punitive damages. *See id*. ("Our constitutional sensibilities are not offended by a 9 to 1 ratio."); *see also Mathis v. Accor Econ. Lodging, Inc.,* 347 F.3d 672, 677 (7th Cir. 2003) (upholding a punitive damage award with a 37 to 1 ratio of punitive damages to compensatory damages as constitutional).

27.    Accordingly, Plaintiff is awarded punitive damages in the amount of $5,000,000.00 against Akopian, Gayane, Anaida, Kachaturian, Vertifx LLC, and Vertifx Limited.

### F.    Joint and Several Liability

28.    When one party prevails against multiple defendants, "the presumptive rule is joint and several liability unless it is clear that one or more of the losing parties is responsible for a disproportionate share of the costs." *Andresen v. Int'l Paper Co*., 2015 WL 3648972, at *6 (C.D. Cal. June 10, 2015) (*quoting Anderson v. Griffin*, 397 F.3d 515, 522–23 (7th Cir. 2005)).   "When, under applicable law, some persons are jointly and severally liable to an injured person, the injured person may sue for and recover the full amount of recoverable damages from any jointly and severally liable person." Restatement (Third) of Torts § 10.  Under this principle, the risk of

FINDINGS OF FACT AND CONCLUSIONS OF LAW

uncollectability among co-obligors is on the jointly liable persons rather than the plaintiff, who bears the risk only of total uncollectability. It is understood that there cannot be more than one satisfaction of the total award. Restatement (Second) of Torts § 879 cmt. b. ("In situations in which all of the tortfeasors are liable for the entire harm, the injured person is entitled to maintain an action against one or any number of the tortfeasors and to obtain judgment against any one or any number for the full amount of the harm, although no more than one satisfaction can be obtained for the harm."). Based on the evidence in this case, the Court concludes that Defendants are jointly and severally liable.

## CONCLUSION

29.    For all the foregoing reasons, the Court finds in favor of Plaintiff and against all of the Defendants and awards damages as set forth herein on each of the claims alleged against them in the First Amended Complaint. Plaintiff shall prepare a proposed Judgment consistent with the Court's Findings of Fact and Conclusions of Law. The proposed Judgment shall be lodged with the Court on or before December 28, 2018.

December 21, 2018

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE