1  ALEXANDRA KRAKOVSKY
2  (State Bar No. 225527)
3  4653 Carmel Mountain Road, Suite 308 #239
   San Diego, CA 92130
4  Telephone: (858) 705-9333
5  E-mail: alexandra.krakovsky@gmail.com

6
   Attorney for Interested Party Motion Global Network Inc.
7

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12   Kristina Chiteishvili                  Case No. 2:17-cv-08711-JFW-RAO

13   v.
                                            STIPULATED PROTECTIVE
14   Vertifx LLC                            ORDER[1]

15

16

17   1.      A. PURPOSES AND LIMITATIONS

18          Post-judgment discovery in this action involves production of confidential,

19   proprietary or private information for which special protection from public

20   disclosure and from use for any purpose other than prosecuting this litigation may

21   be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to

22   enter the following Stipulated Protective Order.  The parties acknowledge that this

23   Order does not confer blanket protections on all disclosures or responses to post-

24   judgment discovery and that the protection it affords from public disclosure and use

25   extends only to the limited information or items that are entitled to confidential

26   treatment under the applicable legal principles. All of the document production

27   _____

28   [1] This Stipulated Protective Order is substantially based on the model protective
     order provided under Magistrate Judge Rozella A. Oliver's Procedures.

1  under this protective order is for attorneys' eyes only, unless otherwise ordered by

2  the Court.

3

4  ## B. GOOD CAUSE STATEMENT

5  Certain aspects of this post-judgment proceeding involve trade secrets,

6  customer and pricing lists and other valuable research, development, commercial,

7  financial, technical and/or proprietary information for which special protection from

8  public disclosure and from use for any purpose other than prosecution of this action

9  is warranted.  Such confidential and proprietary materials and information consist

10  of, among other things, confidential business or financial information, information

11  regarding confidential business practices, or other confidential research,

12  development, or commercial information (including information implicating privacy

13  rights of third parties), information otherwise generally unavailable to the public, or

14  which may be privileged or otherwise protected from disclosure under state or

15  federal statutes, court rules, case decisions, or common law.  Accordingly, to

16  expedite the flow of information, to facilitate the prompt resolution of disputes over

17  confidentiality of discovery materials, to adequately protect information the parties

18  are entitled to keep confidential, to ensure that the parties are permitted reasonable

19  necessary uses of such material in preparation for and in the conduct of trial, to

20  address their handling at the end of the litigation, and serve the ends of justice, a

21  protective order for such information is justified in this matter.  It is the intent of the

22  parties that information will not be designated as confidential for tactical reasons

23  and that nothing be so designated without a good faith belief that it has been

24  maintained in a confidential, non-public manner, and there is good cause why it

25  should not be part of the public record of this case.

26  ///

27  ///

28  ///

2

## C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

3

1    Any document that is not confidential, privileged, or otherwise protectable in

2    its entirety will not be filed under seal if the confidential portions can be redacted.

3    If documents can be redacted, then a redacted version for public viewing, omitting

4    only the confidential, privileged, or otherwise protectable portions of the document

5    shall be filed.  Any application that seeks to file documents under seal in their

6    entirety should include an explanation of why redaction is not feasible.

7

8    2.    DEFINITIONS

9        2.1    Action: 2:17-cv-08711-JFW-RAO, Kristina Chiteishvili v. Vertifx LLC

10       2.2    Challenging Party:  a Party or Non-Party that challenges the

11   designation of information or items under this Order.

12       2.3    "CONFIDENTIAL" Information or Items:  information (regardless of

13   how it is generated, stored or maintained) or tangible things that qualify for

14   protection under Federal Rule of Civil Procedure 26(c), and as specified above in

15   the Good Cause Statement.

16       2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as

17   their support staff).

18       2.5    Designating Party:  a Party or Non-Party that designates information or

19   items that it produces in disclosures or in responses to discovery as

20   "CONFIDENTIAL."

21       2.6    Disclosure or Discovery Material:  all items or information, regardless

22   of the medium or manner in which it is generated, stored, or maintained (including,

23   among other things, testimony, transcripts, and tangible things) that are produced or

24   generated in disclosures or responses to discovery in this matter.

25       2.7    Expert:  a person with specialized knowledge or experience in a matter

26   pertinent to the litigation who has been retained by a Party or its counsel to serve as

27   an expert witness or as a consultant in this Action.

28

4

2.8    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action or not subject to post-judgment proceedings under California Code of Civil Procedure Sec. 708.010 et seq. All of the document production under this protective order is for attorneys' eyes only, unless otherwise ordered by the Court.

2.10   Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs) and any natural person, partnership, corporation, association or other legal entity subject to post-judgment proceedings under California Code of Civil Procedure Sec. 708.010 et seq. All of the document production under this protective order is for attorneys' eyes only, unless otherwise ordered by the Court.

2.12   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" and falls within the following category:

14. ANY AND ALL WRITINGS AS DEFINED BY FEDERAL RULES OF EVIDENCE, RULE 1001, INCLUDING ELECTRONICALLY STORED

1    INFORMATION, IN YOUR POSSESSION, CUSTODY OR CONTROL

2    EVIDENCING AGREEMENTS ENTERED INTO BETWEEN MOTION

3    GLOBAL NETWORK INC. AND ANY PERSON (WHETHER NATURAL

4    OR ARTIFICIAL) SINCE DECEMBER 7, 2010.

5

6         2.15   Receiving Party:  a Party that receives Disclosure or Discovery

7    Material from a Producing Party.

8

9    3.    SCOPE

10        The protections conferred by this Stipulation and Order cover not only

11   Protected Material (as defined above), but also (1) any information copied or

12   extracted from Protected Material; (2) all copies, excerpts, summaries, or

13   compilations of Protected Material; and (3) any testimony, conversations, or

14   presentations by Parties or their Counsel that might reveal Protected Material.

15        Any use of Protected Material at trial shall be governed by the orders of the

16   trial judge.  This Order does not govern the use of Protected Material at trial.

17

18   4.    DURATION

19        Information that has been designated as CONFIDENTIAL or maintained

20   pursuant to this protective order remains subject to this protective order and only

21   becomes public (and, therefore, presumptively available to all members of the

22   public, including the press) if it is used or introduced as an exhibit at trial or an

23   evidentiary hearing and the trial judge does not find compelling reasons supported

24   by specific factual findings to maintain its CONFIDENTIAL treatment.  See

25   Kamakana, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing

26   documents produced in discovery from "compelling reasons" standard when merits-

27   related documents are part of court record).  The parties may petition the Court for a

28   preliminary hearing in advance of any trial or evidentiary hearing on the issue of the

1  relevancy/materiality of any item in question for purposes of meeting the

2  "compelling reasons" standard.

3

4  5.  DESIGNATING PROTECTED MATERIAL

5  5.1  Exercise of Restraint and Care in Designating Material for Protection.

6  Each Party or Non-Party that designates information or items for protection under

7  this Order must take care to limit any such designation to specific material that

8  qualifies under the appropriate standards.  The Designating Party must designate for

9  protection only those parts of material, documents, items or oral or written

10  communications that qualify so that other portions of the material, documents, items

11  or communications for which protection is not warranted are not swept unjustifiably

12  within the ambit of this Order.

13  Mass, indiscriminate or routinized designations are prohibited.  Designations

14  that are shown to be clearly unjustified or that have been made for an improper

15  purpose (e.g., to unnecessarily encumber the case development process or to impose

16  unnecessary expenses and burdens on other parties) may expose the Designating

17  Party to sanctions.

18  If it comes to a Designating Party's attention that information or items that it

19  designated for protection do not qualify for protection, that Designating Party must

20  promptly notify all other Parties that it is withdrawing the inapplicable designation.

21  5.2  Manner and Timing of Designations.  Except as otherwise provided in

22  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

23  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

24  under this Order must be clearly so designated before the material is disclosed or

25  produced.

26  Designation in conformity with this Order requires:

27  (a)  for information in documentary form (e.g., paper or electronic

28  documents, but excluding transcripts of depositions or other pretrial or trial

7

proceedings), that the Producing Party affix at a minimum, the legend
"CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
contains protected material.  If only a portion of the material on a page qualifies for
protection, the Producing Party also must clearly identify the protected portion(s)
(*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection
need not designate them for protection until after the inspecting Party has indicated
which documents it would like copied and produced.  During the inspection and
before the designation, all of the material made available for inspection shall be
deemed "CONFIDENTIAL."  After the inspecting Party has identified the
documents it wants copied and produced, the Producing Party must determine which
documents, or portions thereof, qualify for protection under this Order.  Then,
before producing the specified documents, the Producing Party must affix the
"CONFIDENTIAL legend" to each page that contains Protected Material.  If only a
portion of the material on a page qualifies for protection, the Producing Party also
must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings
in the margins).

(b)  for testimony given in depositions that the Designating Party identifies
the Disclosure or Discovery Material on the record, before the close of the
deposition all protected testimony.

(c)  for information produced in some form other than documentary and
for any other tangible items, that the Producing Party affix in a prominent place on
the exterior of the container or containers in which the information is stored the
legend "CONFIDENTIAL."  If only a portion or portions of the information
warrants protection, the Producing Party, to the extent practicable, shall identify the
protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent
failure to designate qualified information or items does not, standing alone, waive

8

1  the Designating Party's right to secure protection under this Order for such material.

2  Upon timely correction of a designation, the Receiving Party must make reasonable

3  efforts to assure that the material is treated in accordance with the provisions of this

4  Order.

5

6  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7        6.1    Timing of Challenges.  Any Party or Non-Party may challenge a

8  designation of confidentiality at any time that is consistent with the Court's

9  Scheduling Order.

10       6.2    Meet and Confer.  The Challenging Party shall initiate the dispute

11  resolution process under Local Rule 37.1 et seq.

12       6.3    The burden of persuasion in any such challenge proceeding shall be on

13  the Designating Party.  Frivolous challenges, and those made for an improper

14  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

15  parties) may expose the Challenging Party to sanctions.  Unless the Designating

16  Party has waived or withdrawn the confidentiality designation, all parties shall

17  continue to afford the material in question the level of protection to which it is

18  entitled under the Producing Party's designation until the Court rules on the

19  challenge.

20

21  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

22       7.1    Basic Principles.  A Receiving Party may use Protected Material that is

23  disclosed or produced by another Party or by a Non-Party in connection with this

24  Action only for prosecuting, defending or attempting to settle this Action.  Such

25  Protected Material may be disclosed only to the categories of persons and under the

26  conditions described in this Order.  When the Action has been terminated, a

27  Receiving Party must comply with the provisions of section 13 below (FINAL

28  DISPOSITION).

9

1   Protected Material must be stored and maintained by a Receiving Party at a

2   location and in a secure manner that ensures that access is limited to the persons

3   authorized under this Order.

4       7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless

5   otherwise ordered by the court or permitted in writing by the Designating Party, a

6   Receiving Party may disclose any information or item designated

7   "CONFIDENTIAL" only to:

8       (a)  the Receiving Party's Outside Counsel of Record in this Action, as

9   well as employees of said Outside Counsel of Record to whom it is reasonably

10   necessary to disclose the information for this Action;

11       (b)  the officers, directors, and employees (including House Counsel) of

12   the Receiving Party to whom disclosure is reasonably necessary for this Action;

13       (c)  Experts (as defined in this Order) of the Receiving Party to whom

14   disclosure is reasonably necessary for this Action and who have signed the

15   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16       (d)  the court and its personnel;

17       (e)  court reporters and their staff;

18       (f)  professional jury or trial consultants, mock jurors, and Professional

19   Vendors to whom disclosure is reasonably necessary for this Action and who have

20   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21       (g)  the author or recipient of a document containing the information or a

22   custodian or other person who otherwise possessed or knew the information;

23       (h)  during their depositions, witnesses, and attorneys for witnesses, in the

24   Action to whom disclosure is reasonably necessary provided: (1) the deposing party

25   requests that the witness sign the form attached as Exhibit A hereto; and (2) they

26   will not be permitted to keep any confidential information unless they sign the

27   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

28   agreed by the Designating Party or ordered by the court.  Pages of transcribed

1   deposition testimony or exhibits to depositions that reveal Protected Material may

2   be separately bound by the court reporter and may not be disclosed to anyone except

3   as permitted under this Stipulated Protective Order; and

4        (i)  any mediator or settlement officer, and their supporting personnel,

5   mutually agreed upon by any of the parties engaged in settlement discussions.

6

7   8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

8       IN OTHER LITIGATION

9       If a Party is served with a subpoena or a court order issued in other litigation

10  that compels disclosure of any information or items designated in this Action as

11  "CONFIDENTIAL," that Party must:

12      (a)  promptly notify in writing the Designating Party.  Such notification

13  shall include a copy of the subpoena or court order;

14      (b)  promptly notify in writing the party who caused the subpoena or order

15  to issue in the other litigation that some or all of the material covered by the

16  subpoena or order is subject to this Protective Order.  Such notification shall include

17  a copy of this Stipulated Protective Order; and

18      (c)  cooperate with respect to all reasonable procedures sought to be

19  pursued by the Designating Party whose Protected Material may be affected.

20      If the Designating Party timely seeks a protective order, the Party served with

21  the subpoena or court order shall not produce any information designated in this

22  action as "CONFIDENTIAL" before a determination by the court from which the

23  subpoena or order issued, unless the Party has obtained the Designating Party's

24  permission.  The Designating Party shall bear the burden and expense of seeking

25  protection in that court of its confidential material and nothing in these provisions

26  should be construed as authorizing or encouraging a Receiving Party in this Action

27  to disobey a lawful directive from another court.

28

11

9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. All of the document production under this protective order is for attorneys' eyes only, unless otherwise ordered by the Court.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and

12

1    expense of seeking protection in this court of its Protected Material.

2

3    10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

5    Protected Material to any person or in any circumstance not authorized under this

6    Stipulated Protective Order, the Receiving Party must immediately (a) notify in

7    writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

8    to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

9    persons to whom unauthorized disclosures were made of all the terms of this Order,

10   and (d) request such person or persons to execute the "Acknowledgment and

11   Agreement to Be Bound" that is attached hereto as Exhibit A.

12

13   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

14          PROTECTED MATERIAL

15          When a Producing Party gives notice to Receiving Parties that certain

16   inadvertently produced material is subject to a claim of privilege or other protection,

17   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

18   Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

19   procedure may be established in an e-discovery order that provides for production

20   without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

21   (e), insofar as the parties reach an agreement on the effect of disclosure of a

22   communication or information covered by the attorney-client privilege or work

23   product protection, the parties may incorporate their agreement in the stipulated

24   protective order submitted to the court.

25

26   12.    MISCELLANEOUS

27          12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

28   person to seek its modification by the Court in the future.

                                        13

1       12.2   Right to Assert Other Objections. By stipulating to the entry of this

2   Protective Order, no Party waives any right it otherwise would have to object to

3   disclosing or producing any information or item on any ground not addressed in this

4   Stipulated Protective Order. Similarly, no Party waives any right to object on any

5   ground to use in evidence of any of the material covered by this Protective Order.

6       12.3   Filing Protected Material. A Party that seeks to file under seal any

7   Protected Material must comply with Local Civil Rule 79-5. Protected Material

8   may only be filed under seal pursuant to a court order authorizing the sealing of the

9   specific Protected Material at issue. If a Party's request to file Protected Material

10   under seal is denied by the court, then the Receiving Party may file the information

11   in the public record unless otherwise instructed by the court.

12

13   13.    **VIOLATION**

14   Any violation of this Order may be punished by appropriate measures including,

15   without limitation, contempt proceedings and/or monetary sanctions.

16

17   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

18

19   DATED   *12-26-2022*

20

21   _____

     Attorneys for Judgment Creditor

22

23

24   DATED:   12.26.22

25   _____

26

27   Attorneys for Third Person Examinee Motion Global Network Inc.

28

1   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3   DATED:___12/27/2022_____

4

5   _____

6   HON. ROZELLA A. OLIVER
   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of 2:17-cv-08711-JFW-RAO, Kristina Chiteishvili v. Vertifx

LLC I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

16